## SUPREME COURT.

LOVETT agt. THE GERMAN REFORMED CHURCH AND OTHERS.

Under a mortgage foreclosure and sale, the tenant in possession, who has been made a party, is bound to *attorn* to the purchaser, *or be removed by writ of assistance*, notwithstanding he claims under an unexpired lease of several years, executed by the mortgagors *previous* to the date of the mortgage foreclosed.

*New - York Special Term, January*, 1853.   Motion by plaintiff for writ of assistance against defendant, Charles Daniels.

The plaintiff filed his bill in 1845, to foreclose a mortgage executed to him by the German Reformed Church, and made Daniels and others parties. In 1849 there was the ordinary decree of sale and foreclosure in the old chancery form. Lately there has been a sale under the decree, and a deed was executed to the plaintiff as purchaser, and his agent with the deed and a certified copy of the decree, after the report of sale was confirmed, and with a power of attorney for the plaintiff, demanded of Daniels that he should surrender the possession, or attorn to the plaintiff. Daniels refused, and the plaintiff, on notice to him, applies for a writ of assistance.

S. F. COWDREY, *for Plaintiff*.
H. M. WESTERN, *Opposed*.

MITCHELL, Justice.   Daniels was in possession when the

Lovett agt. The German Reformed Church and others.

action was commenced, and he was served with the subpœna to answer, as tenant of Gosman, who held a lease from the church for ten years from May, 1838, with a clause allowing him to remain in possession on the same terms until the church should want the land for building, and give three months' notice. Gosman assigned the lease to Davis, and Davis in 1849 assigned it to Daniels, who claims now to hold under it.  As he claims to hold under that lease, and it was executed by the church, and the plaintiff has succeeded to the rights of the church, and thus become the assignee of the lessor,—Daniels in claiming under that lease claims substantially under the plaintiff.  He should therefore attorn to him from the very nature of his claim, and that affords no reason why he should not be removed by the summary process of the writ of assistance, if he refuses to attorn.  He was a party originally to the suit, and although he claims now under an assignment of a lease which was executed before the mortgage was executed, and therefore may object that the lease is to be sustained, notwithstanding the mortgage, because any attempt to defeat the lease would be an attempt to defeat a prior title, yet he cannot object to perform the act of fealty, which results from the very lease under which he claims, namely, to attorn to the landlord who under that lease is entitled to the rents.  If he were to refuse to hold under that lease, (which he has not done,) that would be an act of disfealty which would make his holding adverse to his landlord, and entitle his landlord to evict him, notwithstanding the lease.  As he does not so refuse, but sets up the lease, he must comply with its terms and attorn to the new landlord under it, and pay rent to him.

It is true, Gosman and Davis were not parties, and that would be material if the application were against them and for the purpose of defeating the lease, but it would be immaterial if the application were as here, not to defeat the lease but to carry it out, and if, as here, the court had jurisdiction over them by their being parties, as Daniels is.  The court can then use its summary process against any party to the suit to carry out the requirements of the decree.

Summers set up a title through Mr. Western, who claims adversely to the mortgagee ; but he does not connect himself in any way with Daniels, nor does Daniels venture to claim and hold under him, and so adversely to the mortgagee. The validity of this title is not to be passed upon here, but is to be settled in the suit already pending between this plaintiff and Mr. Western and the church, or in some other action.

Let the order be that the writ of assistance issue against Mr. Daniels unless he attorn in writing to Mr. Lovett, acknowledging that Mr. Lovett is the assignor of the church under the mortgage to him, and the foreclosure thereof and sale thereunder, and that he will pay the rent reserved by the lease to Mr. Lovett.

The attornment to be within five days after service on him of a copy of the order to be entered, or at his present place of residence, or on his attorney. The order to reserve all rights of Summers and of Mr. Western, as if this motion had not been made.

Note. The five preceding cases, (calling the superior court decisions one,) to wit : Luce agt. Trempert; Flynn agt. Croniken; Fleury agt. Roger, &c.; Winne agt. Sickles; and Lovett agt. The German Reformed Church, were recently found among some *published* opinions in the hands of the reporter. It is, perhaps, unnecessary to say, that the accident accounts for the delay in reporting them.